# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| Bluefly Acquisition, LLC, ) | |
| ) | Case No. 19-10207 (CSS) |
| Debtor. ) | |
| ) | |
| ) | |
| ) | |
| Jeoffrey L. Burtch, Chapter 7 Trustee, ) | |
| ) | Adv. Pro. No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Gaffos Inc., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT TO AVOID TRANSFERS
PURSUANT TO 11 U.S.C. § 547 AND TO RECOVER
PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee" and/or "Plaintiff") for the bankruptcy estate (the "Estate") of Bluefly Acquisition, LLC, (the "Debtor"), by his undersigned attorneys, in support of this Complaint to avoid and recover preferential transfers against Gaffos Inc. (the "Defendant"), hereby alleges upon information and belief that:

**NATURE OF THE CASE**

1. This Complaint seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt made to or for the benefit of the Defendant by the Debtor during the ninety-day period prior to the filing of the Debtor's bankruptcy petitions (the "Petition Date") 11 U.S.C. §§ 547 and 550. To the extent that the Defendant has filed a proof of

claim or has otherwise requested payment from the Estate, (collectively, the "Claim"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to object to such Claim for any reason, including, but not limited to Section 502(a) through (j) ("Section 502") of Title 11 of the United States Code (the "Bankruptcy Code"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by the Plaintiff herein as further stated below.

## JURISDICTION

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1134(b) as the causes of action arise under the Bankruptcy Code, and arise in, and relate to cases under the Bankruptcy Code pending in the United States Bankruptcy Court for the District of Delaware, Bluefly Acquisition, LLC, Chapter 7, Case No. 19-10207 (CSS).

3. The claims and causes of action set forth herein concern the determination, allowance, disallowance, and amount of claims under 11 U.S.C. §§ 502, 547 and 550. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409 in that this proceeding arises in and relates to bankruptcy cases pending in the district and the claims alleged herein arose in this district.

5. Personal jurisdiction over the Defendant exists in this Court because the Defendant conducted business in the United States, directed activities toward the Debtor in the United States, and/or the transfers at issue occurred in the United States.

6.  The Defendant is subject to nationwide service of process by first-class mail, postage prepaid pursuant to Federal Rule of Bankruptcy Procedure 7004(b) and (d).

7.  Pursuant to Rule 7008 of the Bankruptcy Rules and Rule 7008-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to entry of final orders and judgment by the Court in this adversary proceeding.

## BACKGROUND

8.  On February 1, 2019, the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

9.  Jeoffrey L. Burtch was appointed as interim trustee on or about February 1, 2019, pursuant to Section 701 of the Bankruptcy Code, and currently serves as the Trustee for this case pursuant to 11 U.S.C. § 702(d).

10. Bluefly Acquisition, LLC is a Delaware Limited Liability Company qualified to do business in New York, and headquartered in New York City at 42 West 39th Street, New York, NY.

11. Until its bankruptcy filing, the company, which was founded in 1998, operated a well-known e-commerce fashion website selling clothing, accessories, and jewelry.

12. Prior to the Petition Date, the Debtor entered into certain agreements for the purchase of goods and/or services, as reflected in invoices, contracts, purchase orders, communications and other documents (collectively the "Agreements") with the Defendant pursuant to which the Defendant was obligated to provide and deliver certain services to the Debtor. The Debtor and the Defendant conducted business with one another during the 90 days prior to the Petition Date. Upon information and belief, the Defendant provided services to the Debtor.

## **CLAIMS FOR RELIEF**

### **COUNT I**
### **(Avoidance of Preference Transfers - 11 U.S.C. § 547)**

13. The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

14. On or within 90 days prior to the Petition Date, the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashiers checks, wire transfers or otherwise to certain entities, including the Defendant.

15. The Plaintiff is seeking to avoid all the transfers made by the Debtor to the Defendant within the 90 days preceding the Petition Date (the "Preference Period").[1]

16. The Plaintiff has determined the total amount paid by the Debtor to the Defendant during the Preference Period is not less than $105,202.44 (the "Transfers"), see attached payment history ("Exhibit A").

17. Prior to Plaintiff filing this Complaint, Plaintiff performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.

18. Plaintiff conducted a preliminary review of the Debtor's books and records to determine whether certain pre-petition transfers qualified as preferential transfers. Plaintiff reviewed, inter alia, the Debtor's Schedules, available books and records of the Debtor, and any proofs of claim filed by Defendant.

19. Plaintiff and his advisors reviewed all reasonably available information and, based thereon, Plaintiff has determined that he may avoid the Transfers, or a portion thereof, even after consideration of any statutory defenses available under section 547(c) the Bankruptcy Code.

---

[1] The Preference Period is from October 2, 2018 – January 31, 2019.

20. Pursuant to section 547(g), Defendant bears the ultimate burden of proof on any affirmative defense to the Transfers. Plaintiff does not concede the validity of any defense, reserves all rights in connection therewith and leaves Defendant to its burden.

21. During the course of this proceeding, the Plaintiff may learn (through discovery or otherwise) of additional transfers made by the Debtor to the Defendant during the Preference Period. It is the Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property, or transfer made for the benefit of the Defendant or any other transferee. The Plaintiff reserves his right to amend this Complaint to include: further information on the Transfers, additional transfers, revision of Defendant's name, additional defendant, and/or additional causes of action (i.e., but not exclusively pursuant to 11 U.S.C. §542, §544, §545 and §548) (collectively the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of the filing of this Complaint.

22. The Defendant was a creditor of the Debtor at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfers, the Defendant had a right to payment on account of an obligation owed to the Defendant by the Debtor.

23. The Transfers were to or for the benefit of the Defendant.

24. The Transfers were for, or on account of, antecedent debts owed by the Debtor before such transfers were made.

25. The Debtor was insolvent at all times during the 90 days prior to the Petition Date.

26. As a result of the Transfers, the Defendant received more than it would have received if: (i) this case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not

been made; and (iii) the Defendant received payment of such antecedent debts under the provisions of the Bankruptcy Code.

27. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

28. During the course of this proceeding, the Plaintiff may learn (through discovery or otherwise) of additional transfers made by the Debtor to the Defendant during the Petition Period. It is the Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property, or transfer made for the benefit of the Defendant or any other transferee. The Plaintiff reserves his right to amend this Complaint to include: further information on the Transfers, additional transfers, revision of Defendant' name, additional defendant, and/or additional causes of action (i.e., but not exclusively pursuant to 11 U.S.C. §542, §544, §545 and §548) (collectively the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of the filing of this Complaint.

## COUNT II
### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

29. The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

30. The Defendant was the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

31. Pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover from the Defendant the Transfers, plus interest thereon to the date of payment, and the costs of this action.

## COUNT III
### (Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))

32. The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

33. The Defendant are entities from which property is recoverable under 11 U.S.C. § 550 of the Bankruptcy Code.

34. The Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

35. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant against the Estate or the Plaintiff must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

36. Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignee, against the Estate or the Plaintiff previously allowed by the Debtor or the Plaintiff, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all the Transfers.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court grant him the following relief against Defendant:

    A.    Avoiding the Transfers described above under 11 U.S.C. §547(b);

    B.    Granting judgment in favor of the Plaintiff against the Defendant in an amount of $105,202.44;

    C.    Requiring the Defendant to immediately pay the amount of the Transfers to the Plaintiff pursuant to 11 U.S.C. § 550(a);

   D. Disallowing any Claims of the Defendant, and/or its assignee, if it refuses to turn over any Transfers to the Plaintiff pursuant to 11 U.S.C. § 502;

   E. Awarding pre-judgment and post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

   F. Granting the Plaintiff such other and further relief as the Court deems just and proper.

         LAW OFFICE OF SUSAN E. KAUFMAN, LLC

         */s/ M. Claire McCudden*
         M. Claire McCudden, (DSB# 5036)
         919 North Market Street, Suite 460
         Wilmington, DE 19801
         (302) 472-7420
         (302) 792-7420 Fax
         cmccudden@skaufmanlaw.com

         Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee

Dated: January 28, 2021